IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| TONY TURNAGE #562-173<br>    Plaintiff | *<br>* |
| v. | CIVIL ACTION NO.  ELH-12-2214 |
| | * |
| JEROME LACORTE, CHIEF ATTORNEY<br>OFFICE OF THE PUBLIC DEFENDER<br>   DISTRICT ONE – BALTIMORE CITY<br>SCOTT WHITNEY CHIEF ATTORNEY<br>OFFICE OF THE PUBLIC DEFENDER<br>   COLLATERAL REVIEW DIVISION<br>    Defendants | *<br><br>*<br><br>* |

******

**<u>MEMORANDUM</u>**

Tony Turnage, the self-represented plaintiff, is currently incarcerated at the Maryland Correctional Institution in Hagerstown.  He filed suit against several Maryland assistant public defenders, alleging that they violated his Sixth Amendment right to effective representation of counsel, for which he seeks damages.  His motion for leave to proceed in forma pauperis (ECF 2) shall be granted.

The complaint is not a model of clarity. Plaintiff states that in August of 2011, he wrote Assistant Public Defender Jerome LaCorte seeking a motion for modification or reduction of sentence, but that the motion was not timely filed.  However, he did not provide a case number or specify the nature of his conviction.  Examination of Maryland Judiciary Case Search shows that plaintiff was charged in the Circuit Court for Baltimore City with armed robbery and related offenses, in connection with an incident on October 27, 2009.[1]  He was found guilty of one count of robbery on May 25, 2011, and was sentenced on October 18, 2011, to twelve years'

---

[1] *See* http://casesearch.courts.state.md.us/inquiry/inquiryDetail.jis?caseID=109324012&loc+69&detailLoc=DSK8.

incarceration. The sentence was subsequently modified on October 18, 2011. Plaintiff's direct appeal to the Court of Special Appeal of Maryland, filed on October 20, 2011, remains pending.[2]

Plaintiff also was held for trial in the Circuit Court for Baltimore City after he was charged in another armed robbery that allegedly occurred on August 23, 2008. On August 4, 2011, the charges filed in connection with the events of August 23, 2008, were placed on the stet docket.[3]

Given the granting of indigency status, this court may review the claim presented in the complaint prior to service of process and dismiss the case if it has no factual or legal basis. *See Neitzke v. Williams*, 490 U.S. 319 (1989); *see also Denton v. Hernandez*, 504 U.S. 25 (1992); *Cochran v. Morris*, 73 F.3d 1310 (4th Cir. 1996); *Nasim v. Warden*, 64 F.3d 951 (4th Cir. 1995).

Two elements are essential to sustain an action alleging a violation of constitutional rights. Specifically, the plaintiff must demonstrate that: (1) he suffered a deprivation of rights, privileges or immunities secured by the Constitution and laws of the United States; and (2) the act or omission causing the deprivation was committed by a person acting under color of law. *See West v. Atkins*, 487 U.S. 42, 48 (1988). There is no allegation that defendants, who are defense attorneys, were acting under color of law. As they were not state actors, the claim against them shall be dismissed. *See Vermont v. Brillon* ____ U.S.____, 129 S.Ct. 1283, 1291 (2009); *Polk County v. Dodson*, 454 U.S. 312, 325 (1981) (For purposes of § 1983 liability, "a public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding."); *Hall v. Quillen*, 631 F.2d 1154,

---

[2] If plaintiff wishes to attack his conviction, he may file a writ of habeas corpus pursuant to 28 U.S.C. § 2254 in this court after completion of state appellate and post-conviction review.

[3] *See* http://casesearch.courts.state.md.us/inquiry/inquiryDetail.jis?caseId=109324011&loc+69&detailLoc+DSK8.

1155-56 (4th Cir. 1980) (attorneys, including public defenders and attorneys appointed by the State of Maryland, do not act under color of state law and are not state actors).

Title 28 U.S.C. § 1915(e), provides:

Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that --

    (A)    the allegation of poverty is untrue; or
    (B)    the action or appeal --
            (i)    is frivolous or malicious;
            (ii)    fails to state a claim on which relief may be granted; or
            (iii)    seeks monetary relief against a defendant who is immune from such relief.

This action seeks money damages from parties immune from such relief. Therefore, pursuant to the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. § 1915, the case will be dismissed. *See* 28 U.S.C. § 1915(e)(2)(B)(iii). This dismissal will constitute plaintiff's "first strike" under the PLRA. *See* 28 U.S.C. § 1915(g). Plaintiff is advised that once three such dismissals are entered against him, he will be barred from filing new cases unless he first submits the entire civil filing fee, pursuant to 28 U.S.C. § 1915 (g).

A separate Order shall be entered in accordance with this Memorandum.


August 7, 2012                                        /s/
(Date)                                               Ellen L. Hollander
                                                     United States District Judge